**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JOSE WILLS PEREZ-PERALTA; NANCY MARILU BARNICA LOPEZ; ALAYA PEREZ-BARNICA,<br><br>  Petitioners,<br><br> v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>  Respondent. | No. 23-4406<br><br>Agency Nos.<br>A220-302-125<br>A220-302-126<br>A220-302-127<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2024**
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.***

Lead Petitioner Jose Perez-Peralta petitions for review of a decision by the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Board of Immigration Appeals ("BIA") affirming the denial by an Immigration Judge ("IJ") of his claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioners Nancy Barnica Lopez and Alaya Perez-Barnica are Perez-Peralta's wife and minor daughter, respectively, and were included as riders on Perez-Peralta's application for asylum, withholding, and CAT protection. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Where, as here, the BIA reviews an IJ's decision for clear error and states "with sufficient particularity and clarity the reasons" underlying its opinion, we review "the reasons explicitly identified by the BIA, and then examine the reasoning articulated in the IJ's oral decision in support of those reasons." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008) (cleaned up). We review the BIA's factual findings for substantial evidence and will reverse only where "any reasonable adjudicator would be compelled to conclude to the contrary." *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194 (9th Cir. 2023) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)).

1. Substantial evidence supports the dismissal of Perez-Peralta's asylum and withholding of removal claims. As unfortunate as the mistreatment Perez-Peralta suffered is, the record does not compel the conclusion that it rose to the "extreme"

2

level of persecution. [1] *Fon v. Garland*, 34 F.4th 810, 813 (9th Cir. 2022); *see, e.g.*, *Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009) (mistreatment including being twice beaten and robbed did not compel a past persecution finding); *Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006).

Because Perez-Peralta does not maintain, and the record does not suggest, that he would be subject to different or more severe mistreatment upon his return to Honduras, substantial evidence likewise supports the conclusion that Perez-Peralta failed to establish that he has a well-founded fear of future persecution. Perez-Peralta also testified that his family members in Honduras have not been threatened or harmed since he left, which further "undermines a reasonable fear of future persecution." *Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021).

Even if Perez-Peralta established that he has been persecuted or that he has a well-founded fear of future persecution in Honduras, substantial evidence also supports the conclusion that such persecution was not (or would not be) on account of a protected ground. Perez-Peralta claimed that he was persecuted on account of his membership in two particular social groups ("PSGs"): (1) "persons deemed to be associated with membership in a gang" and (2) "individuals perceived as gang

---

[1] Perez-Peralta does not contest the Government's assertion that substantial evidence review applies to the BIA's conclusion that the harm Perez-Peralta suffered did not rise to the level of persecution.

members."[2] Perez-Peralta's argument that his PSGs are "well-established" in asylum law finds no support in our case law. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 898 (9th Cir. 2021) ("Of course, in order for those perceived as gang members to constitute a particular social group, Vasquez-Rodriguez would have to demonstrate that their defining characteristic is immutable, that they can be identified with particularity, and that they are understood to be distinct within Salvadoran society. We do not suggest that this group would necessarily qualify." (citation omitted)). Substantial evidence supports the BIA's finding that Perez-Peralta's PSGs were not socially distinct within Honduran society. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1242 (9th Cir. 2020) ("The BIA's conclusion regarding social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence."); *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181 (9th Cir. 2021) ("[S]ocial distinction requires evidence showing that society in general perceives, considers, or recognizes persons sharing the particular characteristic to be a group"

---

[2] Perez-Peralta also asserts a PSG of "Hondurans who are targeted by gangs because they are perceived to be members of a rival gang." However, the BIA did not consider this PSG on the merits on the grounds that Perez-Peralta raised it for the first time on appeal. *See Honcharov v. Barr*, 924 F.3d 1293, 1296 (9th Cir. 2019) (per curiam) ("The [BIA] also has the authority to prescribe procedural rules that govern the proceedings before it, and procedural default rules are consistent with this authority."). Perez-Peralta has not argued that the BIA erred in so finding, and thus has forfeited our review of the issue. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

and "the persecutors' perception is not itself enough to make a group socially distinct." (internal quotation marks and citations omitted)).

We thus deny the petition as to Perez-Peralta's asylum claim. Because Perez-Peralta cannot meet the "lesser burden of establishing his eligibility for asylum, he necessarily has failed to meet the more stringent . . . burden required for withholding." *Sharma*, 9 F.4th at 1066 (citation omitted). We therefore deny the petition as to Perez-Peralta's withholding claim as well.

2. Substantial evidence also supports the dismissal of Perez-Peralta's claim for CAT relief because a reasonable factfinder could conclude that Perez-Peralta failed to show that it is more likely than not that he will be tortured upon removal to Honduras. We have previously held that "torture is more severe than persecution and the standard of proof for [a] CAT claim is higher than the standard of proof for an asylum claim." *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005). Because substantial evidence supports the conclusion that Perez-Peralta has not experienced past persecution, and because he does not assert that he would subject to more severe harm upon his return to Honduras, we accordingly conclude that substantial evidence supports the conclusion that he is unable to show that he has experienced or is likely to experience torture. We thus deny the petition as to Perez-Peralta's CAT claim.

**PETITION DENIED.** [3]

---

[3] The temporary stay of removal shall remain in effect until issuance of the mandate. The motion for stay of removal is otherwise denied.